UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Williams,<br><br>　　　Plaintiff<br><br>v.<br><br>Clark County ex rel, et al.,<br><br>　　　Defendants | Case No.: 2:22-cv-00045-JAD-EJY<br><br>**Order Adopting Report and Recommendation, Dismissing Complaint with Leave to Amend, and Denying Motion for Preliminary Injunction**<br><br>[ECF Nos. 1, 3] |

The magistrate judge has evaluated Plaintiff Kenneth Williams's complaint and recommends that I dismiss it without prejudice and with leave to amend because it is wholly indecipherable.[1] The deadline for any party to object to that recommendation was January 25, 2022, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[2] Having reviewed the report and recommendation, I find good cause to adopt it, and I do. So I dismiss Williams's complaint with leave to amend by February 28, 2022. If Williams fails to file a proper complaint by that deadline, I will construe that failure as his acknowledgement that he cannot state a colorable claim and I will enter judgment accordingly and close this case.

Williams also moves this court for injunctive relief.[3] The court cannot grant injunctive relief unless the movant shows that he has a likelihood of success on the merits of any of his pending claims.[4] When the plaintiff has no pending claims—and particularly when the court has

---

[1] ECF No. 3.

[2] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[3] ECF No. 1.

[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

found that he has failed to state a claim for relief—the plaintiff cannot make that necessary showing. Because Williams has no viable claim at this time, he cannot satisfy the requirements for an injunction. So I deny without prejudice his "Motion for Emergency Temporary Preliminary Injunction."

Finally, it appears that Williams's mail is being returned to this court as undeliverable. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."[5] So the local rules require litigants to immediately notify the court of any change of address.[6] The failure to promptly notify the court of an address change is grounds for dismissal. Williams must file a notice of change of address by February 28, 2022, or this case may be dismissed without further prior notice.

**IT IS THEREFORE ORDERED that**

- The magistrate judge's report and recommendation **[ECF No. 3] is ADOPTED** in its entirety.

- The Clerk of Court is directed to **SEND** plaintiff (1) a copy of the complaint form for prisoners along with (2) a copy of this order and the report and recommendation (ECF No. 3).

- **The complaint is DISMISSED** without prejudice and with leave to amend by February 28, 2022. **Williams must file a proper complaint on the court's form by February 28, 2022,** or judgment will be entered and this case will be closed.

---

[5] *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991).

[6] *See* Local Rule IA 3-1.

2

- The motion for emergency preliminary injunction **[ECF No. 1] is DENIED**.
- Finally, **Williams must file a notice of updated address by February 28, 2022**, or this case may be dismissed for failure to comply with this order and the court's local rules.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 27, 2022