UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>CLARK COUNTY *ex rel et al.*,<br><br>  Defendants. | Case No. 2:22-cv-00045-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 6 |

Pending before the Court is Plaintiff's First Amended Complaint (the "FAC"). ECF No. 6. The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

**I.  The Screening Standard**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Plaintiff's Complaint

### A. Official Capacity Eleventh Amendment Immunity.

The Eleventh Amendment bars Section 1983 suits against a state unless the state waives its sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A suit against a state official in his or her official capacity is treated as a suit against the state and is barred by the Eleventh Amendment. *Id.* at 71. Lawsuits against state officials in their official capacities seeking prospective injunctive relief are not barred. *Id.* at 71 n.10. Further, state officials sued in their individual capacities for money damages are not entitled to sovereign immunity. *Id.* at 71.

Plaintiff's request for relief seeks, among other things, $1 million in damages. Thus, to the extent Plaintiff seeks monetary relief against any defendant in his/her official capacity, that suit is barred by the U.S. Constitution and must be dismissed with prejudice. *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted); *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020) (denying leave to amend to add a futile Section 1983 claim for money damages against defendants in their official capacities).

### B. Plaintiff's Fifth Amendment Claim Against Assistant District Attorney Locher.

Plaintiff alleges a Fifth Amendment violation of due process arising from Assistant District Attorney Ashley Locher's presentation of information to a grand jury. ECF No. 6 at 5. Prosecutors are entitled to absolute immunity when engaged in activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Burns v. Reed*, 500 U.S. 478, 493 (1991). This extends to a decision to convene a grand jury to indict a defendant even if done in the absence of probable cause. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005); *Milstein v. Cooley*, 257 F.3d 1004, 1008 n.3 (9th Cir. 2001).

Plaintiff alleges Clark County Assistant District Attorney Locher engaged in a "deflection tactic" when presenting evidence to the grand jury. This allegation, even if true, fails to identify any activities that fall outside the judicial phase of Plaintiff's criminal prosecution. The Court also notes that Plaintiff's claim fails because the Fifth Amendment prohibits the federal government, not state

actors, from depriving persons of due process. *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Assistant District Attorney performs her duty in state court.

Accordingly, and based on the foregoing, Plaintiff cannot state a Fifth Amendment claim against Assistant District Attorney Locher and this claim should be dismissed with prejudice.

C. <u>Plaintiff's Eighth Amendment Claim Against Judge Delaney</u>.

The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). A judge acts in the absence of immunity when the act is taken in the "clear absence of all jurisdiction" or is not "judicial" in nature. *Bradley*, 80 U.S. at 351; *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). The factors relevant to determining whether an act is judicial "relate to the nature of the act itself[;] … whether it is a function normally performed by a judge, and to the expectations of the parties, … [and] whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

Plaintiff complains that Judge Delaney's decisions regarding bail were deliberately indifferent to his Eighth Amendment rights. ECF No. 6 at 7. Plaintiff alleges that Judge Delaney's decision to hold him without bail was based on a standard set by the Nevada Revised Statutes. *See id.*; *see also* NRS Chapter 178. When considering state law guidelines to determine whether Plaintiff should be held without bail, Judge Delaney acted within the normal expectations of her duties and the jurisdiction of the court. Plaintiff asserts no facts demonstrating Judge Delaney acted in the "clear absence of all jurisdiction." *Bradley*, 80 U.S. at 351. For this reason, the Court recommends dismissal with prejudice of Plaintiff's Eighth Amendment claim against Judge Delaney.

D. <u>Plaintiff's Fourth and Fifth Amendment Claims Against Officers Ferron and LeGrand</u>.

Grand jury witnesses enjoy absolute immunity from Section 1983 liability based on their testimony. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *see also Ralstin v. Human Servs. Admin.*, Case No. 21-cv-07845-WHO, 2022 WL 561558, at *2 (N.D. Cal. Feb. 23, 2022) (citing *Holt v.*

*Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officers are absolutely immune from suit even if they commit perjury while testifying.). Here, Plaintiff's Fourth Amendment claim asserts that during grand jury testimony Officer Ferron testified to facts with which Plaintiff disagrees. ECF No. 6 at 6. Plaintiff alleges that Officer LeGrand provided testimony regarding Plaintiff taking responsibility for items found in his possession in violation of the Fifth Amendment. *Id.* at 10. Plaintiff disagrees with the facts to which Officer LeGrand testified. Setting aside Plaintiff's disagreement with facts that in itself does not state a violation of constitutional right, these Defendants are immune from suit arising from their grand jury testimony.

Accordingly, the Court recommends that Plaintiff's third and seventh claims for relief seeking to hold Officers Ferron and LeGrand liable for alleged constitutional violations based on their grand jury testimony be dismissed. Further, because these Defendants are absolutely immune from suit, Plaintiff cannot assert an alternative basis for a claim. Thus, the Court recommends these claims be dismissed with prejudice.

E. <u>Plaintiff's Fourteenth Amendment Claims Against the Clark County District Attorney's Office, Judge Delaney, and the Public Defender.</u>

Plaintiff's Fourteenth Amendment claim against Judge Delaney fails as a matter of law because she is immune from suit for actions taken within the scope of her role as established by the jurisdiction of the court. *Schucker*, 846 F.2d at 1204. The allegations made by Plaintiff fail to include any facts establishing either Judge Delaney acted outside her authority as established by the Eighth Judicial District Court.

The Clark County District Attorney's Office is immune from suit because it is not a separate entity capable of being sued under Section 1983. *Kekaula v. Luera*, Case No. 1:08-cv-00282 OWW TAG, 2008 WL 4821766, at *4 (E.D. Cal. Nov. 4, 2008) (finding Bakersfield District Attorney's Office was not a "person" under Section 1983); *Pobursky v. Madera County*, Case No. 1:07-cv-0611 AWI DLB, 2007 WL 2023529, at *6 (E.D. Cal. July 12, 2007) (finding that Madera County District Attorney's Office was a sub-division or department within Defendant Madera County and not separately subject to suit).

4

With respect to Plaintiff's claims against the Public Defender, these too fail. "[T]he public defender is obligated to serve the undivided interest of his client." *Glover v. Tower*, 700 F.2d 556, 599 (9th Cir. 1983) (internal citation omitted), *cert. granted*, 467 U.S. 914 (1984) (affirming and remanding judgment). For this reason, the Public Defender is not a state actor capable of being sued under Section 1983. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that the public defender was not a state actor subject to suit under Section 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Based on the foregoing, Plaintiff cannot state a Fourteenth Amendment claim against Judge Delaney, the Clark County District Attorney or the Public Defender. As such, the Court recommends these claims be dismissed with prejudice.

F.   Plaintiff Cannot State a *Brady* Violation Under Section 1983.

Plaintiff claims a violation of his Fourteenth Amendment Equal Protection Clause rights based upon an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 6 at 9. Specifically, Plaintiff alleges evidence of marked bills used to make a controlled buy from Plaintiff were in notes kept by a police officer not turned over in discovery. *Id*. These allegations fail to state an Equal Protection Clause claim. To state such a claim, Plaintiff must allege facts demonstrating a defendant acted with the intent and purpose to discriminate against him based upon membership in a protected class or purposefully treated him differently than similarly situated individuals without any rational basis for doing so. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A review of Plaintiff's allegations demonstrates he includes no such facts anywhere in his FAC.

The failure to allege such facts would not ordinarily be fatal to Plaintiff's claim. Here, however, a *Brady* violation is one that must be brought in a habeas corpus petition. In *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675 (9th Cir. 1984), the Ninth Circuit considered a *Brady* claim in a Section 1983 action. The state prisoner was serving life imprisonment for first degree murder and alleged the prosecutor and the County destroyed or permitted the destruction of exculpatory evidence needed for his defense. *Id.* at 677. The plaintiff claimed the failure to preserve

5

exculpatory material evidence was a *Brady* violation. *Id.* at 678. The court found that, despite the availability of declaratory relief under Section 1983, the plaintiff's exclusive remedy for a claim based upon a *Brady* violation supposedly leading to denial of a fair trial must be brought through a habeas corpus petition. *Id.* The Ninth Circuit held: "It is clear that the basis of Ybarra's claim is a challenge to the constitutionality of his conviction; in order to prevail on this claim, he must collaterally void his state court conviction. Although he does not specifically request release, the finding of such declaratory relief in his favor would show that release was required." *Id.* at 682 (citations omitted).

Here, Plaintiff seeks to attack his conviction based on the failure to produce exculpatory evidence in violation of the prosecutor's *Brady* obligation. As such, this claim must be brought through a habeas corpus petition filed first with the state. Plaintiff cannot bring this claim through a Section 1983 action. Because Plaintiff's claims based on an alleged *Brady* violation fails to state a claim upon which relief can be granted under Section 1983, the Court recommends this claim be dismissed with prejudice.

      G.    <u>Plaintiff's Fourth and Fourteenth Amendment Claim Against Clark County and the Las Vegas Metropolitan Police Department,[1] and Plaintiff's Fourth Amendment Claim Against the "Flex" Team.</u>

Although the Eleventh Amendment bars a Section 1983 damages claim against state actors sued in their official capacities,[2] the Eleventh Amendment does not bar suits against counties or similar municipal corporations. *Mount Healthy Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that the Eleventh Amendment did not bar the action against the county even though it barred action against the county's superior court as an arm of the state). However, a plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 must allege that his constitutional rights were violated pursuant to the defendant's policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986).

---

[1] Sometimes the "LVMPD."
[2] *Will*, 491 U.S. at 66.

6

To state a claim under *Monell* a plaintiff must plead a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted). Further, "[t]o hold a local government liable for an individual official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." *McMillian v. Monroe County Alabama*, 520 U.S. 781, 785 (1997). In sum, in order to properly plead a *Monell* claim, a plaintiff must identify how "the municipality itself cause[d] the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). This is because "[r]espondeat superior or vicarious liability will not attach under § 1983." *Id*. (citation omitted).

Plaintiff's Section 1983 claims against Clark County, the LVMPD, and the Flex Team fail. Plaintiff alleges the LVMPD should be held liable for excessive force used during his arrest. ECF No. 6 at 4. Plaintiff further alleges that the Flex Team's claim to have made controlled buys from Plaintiff are not true. *Id*. at 4, 11. Plaintiff claims the warrants issued for his arrest should not have been issued. *Id*. These allegations fail to state a claim against Clark County, LVMPD or the Flex Team. Not only does Plaintiff fail to allege any policy, custom or practice that violated his constitutional rights, his disagreement with facts leading to his arrest does not state a constitutional violation.

The Court recommends Plaintiff's claims against Clark County, the LVMPD, and the Flex Team be dismissed without prejudice and with one additional opportunity to amend to properly state a claim under *Monell*. Plaintiff must identify the policy, custom or practice adopted and applied to him that violated a specific federal or constitutional right and caused him harm.

7

### III. Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that the following claims asserted by Plaintiff be dismissed with prejudice:

- For monetary relief against any person acting in his official capacity as these claims are barred by the Eleventh Amendment to the Constitution;
- Against the Clark County Assistant District Attorney Ashley Locher because she is immune from suit for any activities that are closely associated with the judicial phase of the criminal process and because Locher cannot be sued under the Fifth Amendment due process clause as this clause applies only to federal actors;
- Against Judge Delaney because judges are immune from suit for judicial acts taken within the jurisdiction of the courts;
- Against Officers Ferron and LeGrand as these individuals are immune from suit arising from their grand jury testimony;
- Against the Clark County District Attorney's Office because it is not a separate entity capable of being sued under Section 1983;
- Against the Public Defender because the Public Defender is not an entity capable of being sued under Section 1983; and
- Asserting a *Brady* violation claim because this claim must be brought through a habeas corpus petition.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Clark County and the Las Vegas Metropolitan Police Department (including the Flex Team) be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff seeks to amend his claim, Plaintiff must file a second amended complaint no later than **July 15, 2022**.

IT IS FURTHER RECOMMENDED that if Plaintiff files a second amended complaint it must be labeled "Second Amended Complaint." The content must identify each defendant Plaintiff seeks to sue, how each defendant was involved in the conduct that allegedly caused Plaintiff harm, and the specific harm Plaintiff suffered. The Court cannot refer back to any prior filings made by

Plaintiff to gather facts or claims. The Second Amended Complaint must be complete standing alone.

IT IS FURTHER RECOMMENDED that Plaintiff be advised that this will be the final opportunity to state a claim upon which relief may be granted as this would be Plaintiff's third opportunity to do so.

IT IS FURTHER RECOMMENDED that Plaintiff be advised that to state a claim against Clark County or the Las Vegas Metropolitan Police Department he must allege credible facts (not conclusions) asserting one or more specific policy, custom or practice the County or LVMPD had in place that violated his constitutional or federally protected rights, how the County or LVMPD acted in accordance with those policies, customs or practices when interacting with Plaintiff, and how the County or LVMPD is responsible for Plaintiff's alleged constitutional deprivation. Plaintiff must allege with specificity that he was injured as a consequence of the County's or LVMPD's policy, custom or practice.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a Second Amended Complaint by or before July 15, 2022, Plaintiff's action be dismissed in its entirety without prejudice.

Dated this 16th day of June, 2022

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).